UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDY AKIHO,<br><br>*Plaintiff*,<br><br>v.<br><br>PASCAL LE BOEUF and NEW FOCUS RECORDINGS, LLC<br><br>*Defendant*. | **COMPLAINT**<br><br>*Demand for Jury Trial* |

Plaintiff Andy Akiho ("Plaintiff" or "Mr. Akiho"), by and through his undersigned attorneys, allege as follows:

## NATURE OF THE ACTION

1. This action arises out of the blatant and willful infringement of Mr. Akiho's rights in his original musical composition *LIgNEouS I* by Defendants Pascal Le Boeuf ("Le Boeuf") and New Focus Recording, LLC ("New Focus Recordings") (collectively, "Defendants")—specifically, Le Boeuf's unauthorized and intentional copying of substantial portions of *LIgNEouS I* to create an infringing musical composition entitled *Alkaline* (the "Infringing Composition") and Defendants' unauthorized recording, reproduction, public performance, and commercial exploitation of a sound recording of the Infringing Composition.

2. Mr. Akiho is an award-winning contemporary classical music composer and virtuoso percussionist who has composed over 40 original musical compositions. Mr. Akiho is regularly commissioned to compose original works that are premiered by venerable institutions around the world, including the New York Philharmonic, National Symphony Orchestra,

1

Shanghai Symphony Orchestra, and Carnegie Hall's Ensemble Connect (formerly Ensemble ACJW), among others.  His compositions have been featured on PBS's "News Hour with Jim Lehrer" and by numerous organizations such as Bang on a Can, American Composers Forum, The Society for New Music, and the Kennedy Center in Washington, DC.

3. Mr. Akiho first met Le Boeuf in December 2012.  In their early conversations, Le Boeuf expressed admiration for Mr. Akiho's works and expressed an interest in composing jazz-influenced contemporary classical music.

4. Over the years, Mr. Akiho acted as a mentor to Le Boeuf, providing both advice and introductions to other contemporary classical musicians.

5. In and around February 2014, Le Boeuf attended a concert at Princeton University that featured a performance of *LIgNEouS I*.  Shortly thereafter, Le Boeuf ordered the sheet music for that composition and, in a blatant breach of the assistance, mentoring, and trust he had received from Mr. Akiho, brazenly and improperly copied substantial portions of *LIgNEouS I* to create the Infringing Composition.

6. Upon information and belief, Le Boeuf then used the Infringing Composition to gain admission to the Princeton University Composition Ph.D. program and win numerous other awards and grants, including the Chamber Music America New Jazz Works Grant, the ASCAP Foundation Herb Alpert Young Composers Award, the 2016 FROMM Commission from Harvard University, the ASCAP Foundation Johnny Mandel Award Prize, and the 2017 Independent Music Award for Eclectic Music.

7. In addition, Le Boeuf: (1) publicly performed the Infringing Composition online

and at music venues and festivals across the country, and (2) issued licenses to others, including New Focus Recordings, to create and commercially exploit recordings of the Infringing Composition.

8. New Focus Recordings created, reproduced, distributed, publicly performed, and licensed for public performance an album called "imaginist" that contains a sound recording of the Infringing Composition. As a result of this infringing activity, the sound recording of the Infringing Composition and the album on which it is featured are widely available for purchase and streaming on such websites as Amazon, iTunes, Spotify, Walmart, and Bandcamp.

9. Most recently, Le Boeuf has gone so far as to fraudulently campaign for and win a GRAMMY nomination for Best Instrumental Composition, which is awarded to a composer for an "original composition (not an adaption) first released during the Eligibility Year", despite his awareness that the Infringing Composition is not an original composition, but rather a blatant infringement of *LIgNEouS I*.

10. As a result of these actions, Defendants are liable for infringement of Mr. Akiho's copyright in *LIgNEouS I*. The harm to Mr. Akiho is both manifest and irreparable. Defendants' conduct must be stopped and Mr. Akiho compensated for Defendants' acts of infringement.

## PARTIES

11. Plaintiff ANDY AKIHO is domiciled and works in New York, New York. Mr. Akiho is an internationally acclaimed contemporary classical music composer and performer who is the author and copyright owner of the original composition entitled *LIgNEouS I*.

12. Upon information and belief, Defendant PASCAL LE BOEUF is domiciled in

Princeton, New Jersey, is a resident of New York, New York, and principally works in New York, New York.  Le Boeuf is a musical composer, jazz pianist, and producer who has more recently moved into composing contemporary classical music works.

13. Upon information and belief, Defendant NEW FOCUS RECORDINGS, LLC is a New York limited liability company with its principal place of business located in the State of New York that regularly and systematically transacts business in the State of New York.  New Focus Recordings is engaged, among other things, in the business of manufacturing, distributing, and licensing sound recordings, including sound recordings of the Infringing Composition.

## SUBJECT MATTER JURISDICTION AND VENUE

14. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States.  Accordingly, the Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C § 1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

15. This Court has general personal jurisdiction over New Focus Recordings, which is incorporated and has its principal place of business in New York.

16. This Court has specific personal jurisdiction over both Defendants.  Upon information and belief, a substantial part of Defendants' misconduct that gives rise to this action occurred in this District.  Additionally, upon information and belief, Defendants regularly transact business within New York, contract to supply goods or services within the state, do and solicits business in New York, and derives substantial revenue from goods used or services rendered in New York.  In addition, Le Boeuf has committed and continues to commit infringing acts outside of New York causing injury to Mr. Akiho in New York.

17. Upon information and belief, Le Boeuf resided in New York when he created the Infringing Composition. Le Boeuf has publicly performed the Infringing Composition at numerous venues in New York and, upon information and belief, licensed others to do so as well.

18. Upon information and belief, Le Boeuf has also licensed others, including New Focus Recordings, to record, reproduce, distribute, publicly perform, and commercially exploit both audio and audio visual recordings of the Infringing Composition in New York, including selling and streaming these recordings on a variety of online outlets to consumers in New York.

19. New Focus Recordings, through its "Panoramic Recordings" record label imprint, released a sound recording of the Infringing Composition on the album entitled "imaginist". In connection therewith, upon information and belief, New Focus Recordings has manufactured, reproduced, distributed, sold, publicly performed, and otherwise commercially exploited sound recordings of the Infringing Composition in New York, or authorized others to do so.

20. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a) because a substantial part of the acts of the infringement complained of herein occurs or has occurred in this District, the Defendants may be found in this judicial district, and Defendants are subject to personal jurisdiction in this judicial district, as described above.

### PLAINTIFF'S ORIGINAL COMPOSITION

21. Mr. Akiho is the author of the musical composition *LIgNEouS I* and owns the copyright in *LIgNEouS I*. A true and correct copy of the copyright registration PA 2-068-893 is attached hereto as Exhibit A.

22. As the copyright owner, Mr. Akiho has the exclusive rights, under the Copyright

Act, to reproduce, record, publish, distribute, perform, or create derivative works based on *LIgNEouS I*.

23. *LIgNEouS I* was commissioned by John and Astrid Baumgardner for the 2010 Norfolk Chamber Music Festival. Mr. Akiho originally composed *LIgNEouS I* in and around spring of 2010 after viewing original architecture sketches of the composer and architect Iannis Xenakis at The Drawing Center in New York City. Mr. Akiho was inspired by the drawings to sketch out a pitch world with color-penciled lines, connecting vertical rows of chromatic pitches of a 5-octave marimba with geometric diagonal lines and collapsing triangles. Mr. Akiho used these visually linear note combinations as the foundational rhythmic and melodic cells of *LIgNEouS I*.

24. Since its premiere at the Norfolk Chamber Music Festival, *LIgNEouS I* has frequently been performed by various ensembles around the world, including by Ensemble Connect at SubCulture in New York City in 2010 and at Yale University in 2011, by Sound ExChange at ARTISANWorks in April 2013, by the Asasello Quartet at Festival Hedelberger Fruhling in 2013, by the Mivos Quartet at Princeton University in February 2014, by Ensemble Modern at Frankfurt University of Music and Performing Arts in 2016, to name a few.

25. Mr. Akiho has received recognition and numerous awards for *LIgNEouS I*, including but not limited to the Luciano Berio Rome Prize, a New Music USA Grant, and a Harvard Fromm Commission.

26. Through the website for Mr. Akiho's music publishing company, Aki Rhythm Press, www.andyakiho.com, Mr. Akiho receives and reviews requests to license the *LIgNEouS I* musical composition and sells the sheet music for the work.

**DEFENDANTS' INFRINGING CONDUCT**

27. In late 2016, it was brought to Mr. Akiho's attention by multiple individuals that the Le Boeuf had copied substantial portions of *LIgNEouS I*, without Mr. Akiho's knowledge or permission, to create the Infringing Composition.

28. In or around December 2016, another musician suggested that Mr. Akiho should check the records of Aki Rhythm Press to see if there was an order from Le Boeuf for the *LIgNEouS I* score.

29. A review of the order records by an Aki Rhythm Press employee revealed that Le Boeuf ordered the sheet music for *LIgNEouS I* just one month after hearing the work performed at the Princeton concert. Records also showed that over March and April of 2014, Defendant followed up several times to ensure delivery of a PDF copy of the *LIgNEouS I* sheet music.

30. Thereafter, at a time unknown to Plaintiff, Le Boeuf blatantly copied significant original portions of *LIgNEouS I* in creating a composition he titled "Alkaline."

31. A comparison of the respective sheet music and recordings of *LIgNEouS I* and the Infringing Composition reveals Le Boeuf copied numerous original elements of *LIgNEouS I* such that the striking similarity between the two compositions is easily recognizable to the ordinary listener.

32. A visual comparison of the sheet music for the two compositions reveals a telling fingerprint of Le Boeuf's willful infringement. After ordering and receiving the sheet music for *LIgNEouS I*, Le Boeuf used that very sheet music to plagiarize Mr. Akiho's work. Indeed the sheet music for the Infringing Composition uses the same font, substantially similar notations as

Mr. Akiho used in the *LIgNEouS I* sheet music, as well as the same format and symbols for the copyright, reservation of rights, and "no copying" notices in virtually identical positions as used in the *LIgNEouS I* sheet music.

33. Upon information and belief, Le Boeuf created, induced, caused, materially contributed to, directed, or produced a video recording that contained footage of Le Boeuf and other musicians playing and recording the Infringing Composition at Brooklyn Recording Studio synchronized with an audio recording of the Infringing Work.  On or about August 19, 2016, Defendant posted the video to YouTube, www.pascalmusic.com, and www.leboeufbrothers.com.

34. Le Boeuf continues to publicly perform the Infringing Composition, including on his website www.pascalmusic.com, without Mr. Akiho's consent in spite of receiving a letter that Defendant cease and desist such use immediately.

35. Upon information and belief, Le Boeuf publicly performed the Infringing Composition at numerous music festivals and music venues around the country, including at the Kuumbwa Jazz Center, MATA Festival, Trinity Wall Street, among others.

36. Upon information and belief, Le Boeuf licensed Defendant New Focus Recordings to create and commercially exploit sound recordings of the Infringing Composition on the album "imaginist".

37. New Focus Recordings released "imaginist" with a sound recording of the Infringing Composition as the second track in or around October 14, 2016.  Upon information and belief, in connection with the album release, New Focus Recordings has reproduced, distributed, publicly performed, and licensed public performances of the sound recording of the

Infringing Composition, or authorized others to do so, and continues to do so.

38.     Recordings of the Infringing Composition, both as a standalone track and as part of the album "imaginist", are widely available for purchase or streaming on the Internet, including on the websites for Amazon, Barnes & Noble, Walmart, Apple Music, and Spotify, among others.

39.     Upon information and belief, Defendants have received substantial revenue in connection with the infringing actions described herein.

40.     Moreover, as described above, Le Boeuf has reaped significant accolades, awards, admission to Princeton University's Composition Ph.D. program, and even a GRAMMY nomination from his infringement of Mr. Akiho's rights in *LIgNEouS I*, while Mr. Akiho, the composer actually responsible for the success and originality of the Infringing Composition, has received nothing.

41.     Le Boeuf has violated Mr. Akiho's exclusive rights as the copyright owner of *LIgNEouS I* by copying original elements of *LIgNEouS I* to create the Infringing Composition. Defendants have further violated Mr. Akiho's exclusive rights by publicly performing the Infringing Composition, and recording, reproducing, distributing, publicly and digitally performing sound and video recordings of Infringing Composition, or authorizing others to do so.

## FIRST CLAIM FOR RELIEF
### Infringement of Plaintiffs' Rights under the U.S. Copyright Act

42. Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

43. Mr. Akiho is the owner of the rights, title, and interest in the musical composition *LIgNEouS I*, which are subject to protection under the Copyright Act.

44. Copyright in *LIgNEouS I* is properly registered with the United States Copyright Office, Registration Number PA 2-068-893.

45. By virtue of Defendant's acts complained herein, Defendant has directly infringed Mr. Akiho's copyright in *LIgNEouS I*.

46. Le Boeuf had access to the sheet music for *LIgNEouS I* as discussed above. Furthermore, *LIgNEouS I* and the Infringing Composition are strikingly similar such that access is presumed.

47. Without authorization, Le Boeuf copied numerous original elements of *LIgNEouS I* to create the Infringing Composition in violation of 17 U.S.C. §§ 106(1) and 501.

48. Without authorization, Le Boeuf created an unauthorized derivative work of Mr. Akiho's copyrighted musical composition in violation of 17 U.S.C. §§ 106(2) and 501.

49. Without authorization, Defendants have reproduced and/or authorized, aided, enabled, encouraged, induced, caused, materially contributed to, or benefited financially from (with the right and ability to control) the making of reproductions of the Infringing Composition and/or recording thereof, in violation of 17 U.S.C. § 106(1) and 501.

50. Without authorization, Defendants have publicly performed and/or authorized, aided, enabled, encouraged, induced, caused, materially contributed to, or benefited financially from (with the right and ability to control) public performances of the Infringing Composition or recordings thereof by others, in violation of 17 U.S.C. §§ 106(4), 106(6), and 501.

51. Without authorization, Defendants have distributed and/or aided, enabled, encouraged, induced, caused, materially contributed to, or benefited financially from (with the right and ability to control) distribution of the Infringing Composition or recordings thereof by others, in violation of 17 U.S.C. §§ 106(3) and 501.

52. All of Defendants' acts of infringement alleged herein have been performed without the permission, license, or consent of Mr. Akiho, and have been willful, intentional and purposeful, and in knowing disregard of Mr. Akiho's rights.

53. As a direct and proximate result of Defendants' infringement of Mr. Akiho's copyright and exclusive rights under copyright, Mr. Akiho is entitled to actual damages, including Le Boeuf's profits from the infringement, as will be proven at trial, under 17 U.S.C. § 504(b).

54. By virtue of the acts complained of herein, Defendants caused and continue to cause great injury to Mr. Akiho, which damage cannot be fully compensated or measured in money damages unless this Court restrains Defendants from further commission of said acts. Mr. Akiho has no other adequate remedy at law.  Accordingly, Mr. Akiho is entitled to an injunction prohibiting Defendants from further infringements of his copyright and exclusive rights under copyright pursuant to 17 U.S.C. § 502.

55. Mr. Akiho is further entitled to the impoundment and destruction or other reasonable disposition of infringing copies of the Infringing Composition and recordings thereof pursuant to 17 U.S.C. § 503.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial and prays for judgment against Defendant as follows:

1. For entry of a permanent injunction enjoining Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, assigns, and all persons in privity or acting in concert or participation with him from committing further acts of infringement of Plaintiff's copyright or exclusive rights protected by the Copyright Act or common law, whether now in existence or hereafter created;

2. For the impoundment and destruction or other reasonable disposition of copies of the Infringing Composition or sound recordings of the Infringing Composition;

3. For an award of actual damages for copyright infringement to which Mr. Akiho is entitled, including Le Boeuf's profits and revenue, in such amounts as may be found;

4. For an order from the Court that a constructive trust be imposed over all monies and profits in Le Boeuf's possession which rightfully belong to Plaintiff.

5. For prejudgment interest according to law; and

6. For such further relief as the Court may deem just and proper.

Respectfully submitted,

By: *[signature: Andrew H Bart]*

Andrew H. Bart
Christine I. Lee
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, NY 10022
tel. (212) 891-1600
fax (212) 891-1699

*Attorneys for Plaintiff*

Dated: New York, New York
January 29, 2018